IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| AMPRO INDUSTRIES, INC. <br><br> Plaintiff, <br><br> v. <br><br><br> DR. FARRAH GRAY PUBLISHING, LLC, <br><br> Defendant. | Civil Action <br> No. _____ |

COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Ampro Industries, Inc. ("Plaintiff" or "Ampro"), a Tennessee corporation, by and through counsel, for its Complaint for Declaratory Judgment against Dr. Farrah Gray Publishing ("Defendant"), a Nevada LLC, states as follows:

JURISDICTION AND VENUE

1.  This is an action arising under the Copyright Act of 1976, as amended, 17 U.S.C. A. §§ 101, *et seq.*

2.  This court has jurisdiction of the action by virtue of 28 U.S.C.A. §1331 (federal question), 28 U.S.C.A. §1338 (copyright actions), and 28 U.S.C.A. §§ 2201 and 2202 (Declaratory Judgment Act).

3.  Venue is proper under 28 U.S.C.A. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

4.  The Defendant has purposely availed itself of the privilege of acting in or causing a consequence in the forum state, this cause of action arises from the Defendant's activities in the

1

forum state, and the consequences of these activities have a substantial connection with the forum state such that the exercise of jurisdiction is reasonable.

## PARTIES

5.  The Plaintiff is a Tennessee corporation, with its principal place of business at 6240 Poplar Avenue, Memphis, Tennessee 38119. The Plaintiff is in the business of marketing and selling ethnic hair-care products.

6.  Defendant Dr. Farrah Gray Publishing, LLC is a Nevada Limited Liability Company that can be served through its registered agent Danielle Jean-Jacques, at 1350 N. Town Center Dr., Unit 2060, Las Vegas, Nevada, 89144. Upon information and belief, Defendant is in the business of publishing and distributing self-help and self-development books throughout the United States, including in the Western District of Tennessee.

## CASE AND CONTROVERSY

7.  There is now existing between the parties an actual and justiciable controversy with respect to which the Plaintiff is entitled to a declaration of its rights pursuant to the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201 and 2202.

## FACTS

8.  Antonia Carter-Wright is a reality television personality and author of "Priceless Inspirations", an auto-biographical work of non-fiction describing her struggles as a teenage mother. Ms. Carter-Wright is not a party to this action.

9.  Priceless Inspirations was first published on April 15, 2011, and distributed throughout the United States.

10. According to the book itself, Ms. Carter-Wright owns the copyright to Priceless Inspirations. Moreover, according to the book, all rights are reserved to Ms. Carter-Wright. A copy of the inside jacket of the book is attached as Exhibit A.

11. The inside jacket of Priceless Inspirations states that the publisher is "Farrah Gray Publishing, P.O. Box 33355, Las Vegas, Nevada, 89133."

12. There is no entity called "Farrah Gray Publishing" which is registered to do business in the State of Nevada.

13. Moreover, no entity called "Farrah Gray Publishing" has registered or sought registration of any portion of Priceless Inspirations with the United States Copyright Office.

14. Upon information and belief, no entity or individual has sought registration of any portion of Priceless Inspirations with the United States Copyright Office.

15. On June 6, 2011, Ms. Carter-Wright entered into a contract with the Plaintiff, to promote certain of the Plaintiff's hair-care products through personal appearances and endorsements. As part of this contract, the Plaintiff agreed to cross-promote Priceless Inspirations.

16. On July 18, 2012, Sherri Jefferson, a Georgia attorney purporting to represent Farrah Gray Publishing and Dr. Farrah Gray Publishing, sent a "Cease and Desist Notice with Demand Letter of Claim" to the Plaintiff, alleging that her clients own the copyright to Priceless Inspirations and that the Plaintiff used an image of the book cover for Priceless Inspirations without consent. This letter is attached as Exhibit B.

17. In her letter, Ms. Jefferson further threatens to sue the Plaintiff for copyright infringement unless the Plaintiff pays her clients $1.5 million for past unauthorized use or $2.5 million for past and future use of the book cover.

18. Despite subsequent correspondence seeking further information, the Defendant has failed to provide any information substantiating her clients' purported copyright claim, or to explain her clients' failure to register their claimed copyright interest with the United States Copyright Office, as required by 17 U.S.C. § 411.

19. By reason of Defendant's claims of copyright infringement, Plaintiff is uncertain as to its rights with respect to portions of Priceless Inspirations.

20. Accordingly, the Plaintiff seeks a judicial determination that the Defendant does not possess any enforceable copyright interest in Priceless Inspirations and that the Plaintiff would not therefore be infringing upon any such interest by promoting Priceless Inspirations through its own marketing.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that:

i. This Court adjudge that Defendant does not own or retain any copyright interest in Priceless Inspirations;

ii. That, in the event this Court determines that Defendant does have any such interest, that this Court further determines that Plaintiff has not infringed or that Plaintiff's actions are allowable under the statutory "fair use" framework provided in 17 U.S.C. § 107;

iii. That the Defendant be enjoined and restrained from instituting any action against the Plaintiff for copyright infringement;

iv. That the Defendant pay to the Plaintiff the costs and disbursements of this action, together with reasonable attorney's fees to be allowed Plaintiff by the Court; and

v. That Plaintiff has such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*[signature]*

**PIETRANGELO COOK PLC**
Anthony C. Pietrangelo (#15596)
Timothy R. Johnson (#16757)
Darrell N. Phillips (#30299)
International Place, Tower II
6410 Poplar Ave., Suite 190
Memphis, TN 38119
901-685-2662
apietrangelo@pcplc.com

Foreword By Multi-Platinum Selling
Grammy Award Winning Rapper Lil Wayne

New York Times Bestseller



# Priceless inspirations

Antonia "Toya" Carter
BET Reality Television Star

# Priceless Inspirations

Antonia "Toya" Carter



Farrah Gray Publishing
www.fgpbooks.com




©2011 Antonia Carter

All rights reserved. Printed in the United States of America. No part of this publication may be reproduced, stored in a retrieval system, or transmitted in any form or by any means, electronic, mechanical, photocopying, recording, or otherwise, without the written permission of the publisher.

Farrah Gray Publishing, its logos, and its marks are trademarks of Farrah Gray Publishing

Publisher: Farrah Gray Publishing
          P.O. Box 33355
          Las Vegas, NV 89133

*Credits:*
*Editorial: Karyn Langhorne Folan*
      *Dr. Marcia Brevard Wynn*
*Cover Shot: Reggie Anderson*
*Cover Design: Dontay Barnes*

*Family Law Center: Law Office of Sherri Jefferson, Esq.*

www.thefamilylawcenter.org   Email: familylawcenterga@aol.com
**Mailing: P.O. Box 2041. Jonesboro, GA 30237**

110 Habersham Dr., Fayetteville, GA 30214
341 Margie Dr., Warner Robins, GA 31088
770-374-9591: 478-293-11LAW (1529)

July 18, 2012

**DEADLINE MATERIAL**

SENT VIA CERTIFIED MAIL AND EMAIL

**Cheri L. Rudner, Chairman of the Board**
Ampro Industries, Inc.
6240 Poplar Avenue
Memphis, TN 38119-4731

**Henry G. Rudner, Chief Executive Officer**
Ampro Industries, Inc,
6240 Poplar Avenue
Memphis, TN 38119-4731

Cc:   Antonia Carter – Wright
      Ms. Uwonda Carter, Legal Advisor for Antonia Carter-Wright*
      Mr. Farrah Gray of Farrah Gray Publishing
Bcc:

EXHIBIT B

Re:   **CEASE AND DESIST NOTICE WITH DEMAND LETTER OF CLAIM INFRINGEMENT OF COPYRIGHT**
       **NOTICE OF INTENT TO SUE FOR COPYRIGHT INFRINGEMENT**

Dear Mrs. Rudner and Mr. Rudner:

    Our office represents the interest of Farrah Gray Publishing and Dr. Farrah Gray Publishing. On behalf of FGP, please accept this letter as a cease and desist notice with demand letter of claim infringement of copyright. According to recent reports published by Antonia Carter-Wright and now available via internet through sources such as S2S Magazine, Sandra Rose and a host of others, Ms. Carter-Wright disclosed that she has used her book as part of her promotion of Ampro products and services. Respectfully, due to the statements made by Ms. Carter-Wright, FGP verified the book cover for *Priceless Inspirations* is in the stream of commerce to promote Ampro's hair care products.

    Please be advised that neither Ms. Carter-Wright, her agents, nor affiliates consulted with FGP to attain permission to use the book cover, which is subject to copyright protections under federal law. Conversely, Ampro Industries did not seek authorization to use the book cover as

---

As of this date, we do not have documentation to support that Ms. Uwonda Carter advised or was part of the Ampro promotion. However, we are aware that she did represent her interest in her book publishing deal. In an effort to proceed ethically, we have placed her attorney on notice of this issue subject to her advising or your office conveying that she was not a party to or a part of the promotional contract or endorsement deal.

part of its promotion of hair care products. Therefore, effective immediately Ampro shall remove all products consisting of the book cover from the stream of commerce and this includes its Wal-Mart stores and retail outlets. In addition, Ampro is not authorized to use the book cover in any of its display, billboard, or print advertisement.

Being aware, FGP terminated Ms. Carter-Wright's Author-Publisher Agreement and because her Attorney Ms. Uwonda Carter did not negotiate a reversion of rights clause as part of their agreement, all rights are reserved. FGP owns the rights to the book Priceless Inspirations and respectfully, it includes the rights to the book cover.

FGP hereby serves notice of its intent to sue Ampro Industries as well as Ms. Carter-Wright for copyright infringement. This communication will serve as an opportunity to reach an amicable resolution to this matter. Therefore, FGP submits for review and consideration the following:

1. Ampro Industries may seek authorization and permission for continued use of the book cover. The products already sold shall be forgiving and those to be sold that are in the stream of commerce shall remain in the stream of commerce subject to compensation for two million five hundred thousand ($2500000) dollars. This amount is subject to negotiation.

Alternatively,

2. Ampro Industries shall compensate FGP in the amount of one million five hundred thousand ($1500000) dollars for unauthorized use of the book cover and shall immediately remove all products, displays and prints from the stream of commerce. This amount is subject to negotiation.

The aforementioned is for settlement purposes only and is not intended to compensate or allege the total amount of monetary lost or damages sustained by FGP. This offer is not intended to be used in litigation as a means of substantiating any lost or admissibility of evidence.

The issues within the ambit of this communication is undisputed, therefore, the offer is open and negotiable until **Monday, July 30, 2012**. If I may be of assistance to you, please contact me accordingly. Respectfully, I will be on vacation and the best mode of communication during that time will be via Email at attysjjeff@aol.com. Please see our mailing address above for communicating accordingly. I will avail myself for conference call if my schedule permits. It is the desire of FGP to reach an agreement, however we have no problem immediately proceeding with litigation to protect and preserve the integrity of our company. With kindest regards, I am.

Govern yourself accordingly.

Sincerely,

/s/ Sherri Jefferson

As of this date, we do not have documentation to support that Ms. Uwonda Carter advised or was part of the Ampro promotion. However, we are aware that she did represent her interest in her book publishing deal. In an effort to proceed ethically, we have placed her attorney on notice of this issue subject to her advising or your office conveying that she was not a party to or a part of the promotional contract or endorsement deal.