```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| AMPRO INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 12-2696 |
| | ) |
| DR. FARRAH GRAY PUBLISHING, LLC, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE**

On December 4, 2012, the Clerk of Court entered default against Defendant Dr. Farrah Gray Publishing, LLC ("Farrah Gray Publishing"). (Entry of Default, ECF No. 12.) Before the Court is Plaintiff Ampro Industries, Inc.'s ("Ampro Industries") December 4, 2012 Motion for Default Judgment. (Mot. for Default J., ECF No. 13.) Farrah Gray Publishing has not responded and the time for doing so has passed. For the following reasons, Ampro Industries' Motion for Default Judgment is DENIED WITHOUT PREJUDICE.

Under Local Rule 7.2(a)(1), "only those motions in civil cases that include or are accompanied by a supporting memorandum of facts and law" will be accepted. W.D. Tenn. Civ. R.

7.2(a)(1) (emphasis added).  Local Rules are "not developed by accident."  <u>Greer v. Home Realty Co. of Memphis, Inc.</u>, No. 2:07-cv-02639-SHM-egb, 2010 U.S. Dist. LEXIS 142817, at *6 (W.D. Tenn. July 12, 2010).  They help parties "save time and expense" by providing the Court with the information it needs to arrive at a decision.  <u>Id.</u>

Ampro Industries has failed to provide a memorandum of facts and law with its Motion.  The Sixth Circuit has stated that a memorandum of law requires only a "short and concise statement of issues justifying the grant of relief sought, in addition to citing supporting authorities."  <u>Intera Corp. v. Henderson</u>, 428 F.3d 605, 614 (6th Cir. 2005) (internal citations and quotation marks omitted) (interpreting Local Rule 8(b)(2) of the Middle District of Tennessee).  Ampro Industries' one-paragraph motion states that, "pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, [it] requests the Court enter a judgment by default against [] Farrah Gray Publishing. . . . In support of this request, the Plaintiff relies on the record in this case and the affidavit submitted herein."  (Mot. for Default J.)  The Motion provides insufficient support for entry of a default judgment.

A court's default judgment is invalid unless it has subject-matter and personal jurisdiction.  <u>See, e.g.</u>, <u>Citizens Bank v. Parnes</u>, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal

2

jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment.") (citing Kroger Co. v. Malease Foods Corp., 437 F.3d 506, 510 (6th Cir. 2006)); see also HICA Educ. Loan Corp. v. Lackie, No. 11-2894, 2013 WL 633216, at *1 (W.D. Tenn. Feb. 20, 2013) ("Courts are obligated to consider subject-matter and personal jurisdiction . . . before entering default judgment."). In this action seeking a declaratory judgment, it is unclear that Ampro Industries' rights have been infringed or, if its rights have been infringed, that the controversy is ripe. It is also unclear whether the Court may exercise personal jurisdiction over Farrah Gray Publishing, an out-of-state defendant whose only contacts with the forum are alleged to be sending one cease-and-desist letter and distributing a book throughout the United States, including the Western District of Tennessee.

Ampro Industries' Motion for Default Judgment is DENIED WITHOUT PREJUDICE. Should Ampro Industries elect to re-file, it is instructed to file an accompanying memorandum of facts and law addressing ripeness for decision and the Court's jurisdiction.

So ordered this 29th day of May, 2013.

s/ Samuel H. Mays, Jr.

3

4

```
                              SAMUEL H. MAYS, JR.
                              UNITED   STATES   DISTRICT   JUDGE
```