**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **AMPRO INDUSTRIES, INC.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 12-2696** |
| | ) | |
| **DR. FARRAH GRAY PUBLISHING, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

---

On August 10, 2012, Plaintiff Ampro Industries, Inc. ("Ampro Industries") filed a Complaint for Declaratory Judgment under 28 U.S.C. § 2201 against Defendant Dr. Farrah Gray Publishing, LLC ("Farrah Gray Publishing"). On December 4, 2012, the Clerk of Court entered default against Farrah Gray Publishing. (Entry of Default, ECF No. 12.) Before the Court is Ampro Industries' June 12, 2013 Motion for Default Judgment against Farrah Gray Publishing. (Mot. for Default J., ECF No. 15.) Farrah Gray Publishing has not responded and the time to do so has passed. For the following reasons, Ampro Industries' Motion for Declaratory Judgment is GRANTED.

## I. Background

Unless otherwise stated, the following facts are taken from the Complaint.[1] Plaintiff Ampro Industries is a Tennessee corporation based in Memphis, Tennessee, that markets and sells ethnic hair-care products. (Compl. ¶ 5, ECF No. 1.) On June 6, 2011, Ampro Industries entered into a contract with Antonia Carter-Wright ("Carter-Wright"), a reality television personality and author, to promote hair-care products through personal appearances and endorsements. (Id. ¶¶ 8, 15.) Carter-Wright is not a party to this action. The contract required Ampro Industries to cross-promote Priceless Inspirations, Carter-Wright's autobiography. (Id.)

Priceless Inspirations was published and distributed in 2011. (Id. ¶ 9.) The front-matter page of Priceless Inspirations states that Carter-Wright owns the copyright and that she reserves all rights to the book. (Id. ¶ 10); (Ex. A.)

Farrah Gray Publishing is listed as the publisher of Priceless Inspirations. (Id. ¶¶ 11-12.) Farrah Gray Publishing publishes and distributes books throughout the United States, including the Western District of Tennessee. (Id. ¶ 6.) No entity called "Farrah Gray Publishing" has registered or sought

[1] The Complaint and other pleadings are deemed admitted because of Farrah Gray Publishing's default. See Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010); United States v. Conces, 507 F.3d 1028, 1038 (6th Cir. 2007); Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).

registration of any portion of Priceless Inspirations with the United States Copyright Office. (Id. ¶ 13.)

On July 18, 2012, an attorney representing Dr. Farrah Gray and Farrah Gray Publishing sent a "Cease and Desist Notice with Demand Letter of Claim" (the "Cease and Desist Notice") to Ampro Industries. (Id. ¶ 16); (Ex. B.) The Cease and Desist Notice asserted that Farrah Gray Publishing owned the copyright to Priceless Inspirations and that Ampro Industries was wrongfully using the book's image. (Id.) Farrah Gray Publishing threatened to sue for copyright infringement unless Ampro Industries paid $1.5 million for past unauthorized use or $2.5 million for past and future use of the book cover. (Id. ¶ 17.) The Cease and Desist Notice did not specify the provision of the Copyright Act that Ampro Industries had allegedly violated. (Id.) Ampro Industries sought additional information, but Farrah Gray Publishing did not substantiate its copyright claim or explain its failure to register its claimed copyright interest with the United States Copyright Office, as required by 17 U.S.C. § 411. (Id. ¶ 18.)

**II. Jurisdiction**

A court must have subject matter and personal jurisdiction to enter a valid default judgment. Citizens Bank v. Parnes, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support

any subsequent order of the district court, including entry of the default judgment.”); Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) (per curiam) (“[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject-matter and the parties.”) The court does not need to consider defects in venue. Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 942 (5th Cir. 1999) (“The Supreme Court has made clear that if a party defaults by failing to appear or file a timely responsive pleading, the party waives defects in venue.”) (citations omitted).

**A. Subject-Matter Jurisdiction and Standing**

Ampro Industries brings this cause for declaration of copyright interest under the Copyright Act of 1976, 17 U.S.C. §§ 101, et seq. (Compl. ¶ 1.) Federal district courts have original jurisdiction over civil actions arising under federal copyright laws. 28 U.S.C. § 1338.

To establish standing under the Declaratory Judgment Act, there must be an “‘actual controversy’ in a constitutional sense.” National Rifle Ass’n of America v. Magaw, 132 F.3d 272, 279 (6th Cir. 1997).

There are two prerequisites for establishing an actual controversy in an intellectual property case. See ACH Food

Companies, Inc. v. Wiscon Corp., No. 04-2589 M1/V, 2005 WL 2114056, at *5 (W.D. Tenn. Aug. 30, 2005) (citing Windsurfing Intern. Inc. v. AMF Inc., 828 F.2d 755, 757-58 (Fed. Cir. 1987)) (adopting the Federal Circuit's two-pronged approach to standing for trademark cases); Int'l Harvester Co. v. Deere & Co., 623 F.2d 1207, 1210-11 (7th Cir. 1980) (adopting the same two-pronged approach to standing for patent cases). First, the plaintiff must have a "real and reasonable" apprehension of litigation. ACH Food Companies, 2005 WL 2114056 at *5. Second, the plaintiff must have engaged in "conduct which brought it into adversarial conflict with the declaratory defendant." Id.

There is a real and reasonable apprehension of litigation "when there is an implied charge[] or a course of conduct on the part of the defendant which would cause a reasonable man to fear that he . . . faces[s] an infringement suit or threat of one." Id. (quoting G. Heileman Brewing Co. v. Anheuser-Busch, Inc., 873 F.2d 985, 990 (7th Cir. 1989)) (internal quotation marks omitted).

In ACH Food Companies, this Court considered an email sent from the defendant's counsel to the plaintiff about the plaintiff's anticipated use of a brand name. Id. at 4. The email stated that the defendant considered the plaintiff's business plans "blatant gamesmanship to trade off a highly valuable mark [to] which our client has prior rights." Id. at

5. The email added that "further legal action may be undertaken if and when you begin use of any mark containing the [contemplated brand name]." Id. Although the plaintiff's use of the name had not yet begun, the Court concluded that the email was sufficient to place the plaintiff "in a reasonable apprehension of litigation." Id. The defendant's statements demonstrated "at least an implied, if not express, threat" of legal action for infringement and "an assertion of exclusive right" to use the intellectual property in question. Id.

Farrah Gray Publishing's Cease and Desist Notice states, in part, that "[Farrah Gray Publishing] hereby serves notice of its intent to sue Ampro Industries . . . for copyright infringement." (Ex. B.) The Cease and Desist Notice straightforwardly threatens to sue Ampro Industries for allegedly infringing the Priceless Inspirations copyright. Ampro Industries had already undertaken the allegedly violative conduct. (Ex. B.) Ampro Industries has a real and reasonable apprehension of litigation.

A plaintiff also must have engaged in "a course of conduct which brought it into adversarial conflict with the declaratory defendant." ACH Food Companies, 2005 WL 2114056, at *5. The plaintiff must "show that it possessed the apparent ability and definite intention" to engage in the potentially infringing

conduct. Id. (quoting G. Heileman Brewing Co., 873 F.2d at 990) (internal quotation marks omitted).

The Seventh Circuit has concluded that "active preparation" to produce a potentially infringing product is a course of conduct sufficient to create an adversarial conflict. G. Heileman Brewing Co., 873 F.2d at 990. Ampro Industries has exceeded the active preparation in Heileman. Ampro Industries has used the cover image of Priceless Inspirations to promote hair-care products since June 6, 2011. (Compl. ¶ 15.) The Cease and Desist Notice was sent by Farrah Gray Publishing's attorney on July 18, 2012, and Ampro Industries commenced this action on August 10, 2012. (Id. ¶ 16.) Ampro Industries has conducted marketing activities using the image for more than a year. Ampro Industries is in adversarial conflict with Farrah Gray Publishing.

**B. Personal Jurisdiction**

"[P]ersonal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[] due process.'" Flynn v. Greg Anthony Constr. Co., 95 F. App'x 726, 740 (6th Cir. 2003) (quoting Bird v. Parsons, 289 F.3d 865, 871 (6th Cir. 2002)). "Where the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the

court need only determine whether exercising personal jurisdiction violates constitutional due process." Bridgeport Music, Inc. v. Still N the Water Publ'g, 327 F.3d 472, 477 (6th Cir. 2003) (citing Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co., 91 F.3d 790, 793 (6th Cir. 1996)). Because "the Tennessee long-arm statute has been interpreted as coterminous with the limits on personal jurisdiction imposed by the due process clause," federal courts in Tennessee may exercise personal jurisdiction if doing so is consistent with federal due process requirements. Id. (citing Payne v. Motorists' Mut. Ins. Cos., 4 F.3d 452, 454 (6th Cir. 1993)).

"Personal jurisdiction over an out-of-state defendant arises from 'certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Air Prods. & Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Personal jurisdiction may be specific or general, depending on the type of minimum contacts maintained by the out-of-state defendant. Id. (citing Reynolds v. Int'l Amateur Athletic Fed'n, 23 F.3d 1110, 1116 (6th Cir. 1994)). The Sixth Circuit applies a three-part test to determine whether specific personal jurisdiction exists: (1) the defendant must purposely avail itself of the privilege of acting or causing a consequence

in the forum state, (2) the cause of action must arise from the defendant's activities in the forum state, and (3) those acts must have a sufficiently substantial connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. Air Prods., 503 F.3d at 550 (citing S. Mach. Co. v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968)).

Ampro Industries alleges that the Court has personal jurisdiction because: (1) Farrah Gray Publishing purposefully availed itself of the privilege of acting in or causing a consequence in Tennessee, (2) the cause of action arises from Farrah Gray Publishing's activities in Tennessee, and (3) the consequences of those activities had a substantial connection to Tennessee such that the exercise of jurisdiction is reasonable. (Compl. ¶ 4.) The Court understands Ampro Industries' personal jurisdiction argument to rest on: (1) the distribution of Priceless Inspirations throughout the United States, including the Western District of Tennessee, and (2) the Cease and Desist Notice sent by Farrah Gray Publishing's legal counsel to Ampro Industries in Memphis, Tennessee. (Compl. ¶ 9.)

**1. "Purposeful Availment" Requirement for Specific Personal Jurisdiction**

To satisfy the first requirement for specific personal jurisdiction, the defendant "must have purposefully availed himself of 'the privilege of acting in the forum state or

causing a consequence in the forum state.'" Id. (quoting S. Mach Co., 401 F.2d at 381). Where a defendant's contacts with the forum state result from actions undertaken by the defendant itself, the defendant has purposefully availed itself of the privilege of acting in the state. Id. (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). Physical presence in the forum state is not required, but a defendant's connection to the forum state must be "substantial," rather than a result of "random," "fortuitous," or "attenuated" circumstances. Id.

The letter sent by Farrah Gray Publishing's legal counsel, taken alone, is insufficient to satisfy the purposeful availment requirement of personal jurisdiction. "[A] single letter by an attorney, concerning potential litigation cannot confer specific jurisdiction over the attorney in the addressee's state when the letter merely relates to the cause of action." Cadle Co. v. Schlichtmann, 123 F. App'x 675, 681 (6th Cir. 2005) (citing Calphalon v. Rowlette, 228 F.3d 718, 723 (6th Cir. 2000)). Correspondence sufficient to satisfy this factor must be numerous and frequent, not a one-time event. See, e.g., American Greetings Corp. v. Cohn, 839 F.2d 1164, 1170 (6th Cir. 1988) (sending numerous letters, making numerous telephone calls, and appointing local agents over a nine-month period satisfied purposeful availment). The Cease and Desist Notice was the only correspondence Ampro Industries received from

Farrah Gray Publishing. The Court cannot exercise personal jurisdiction over Farrah Gray Publishing on the basis of the Cease and Desist Notice alone.

The question remains whether Farrah Gray Publishing's distribution activities, through the stream of commerce, satisfy the purposeful availment requirement of specific personal jurisdiction. The plurality opinion in Asahi states that "placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." Asahi Metal Indus. Co., Ltd. v. Superior Court of California, Solano Cnty., 480 U.S. 102, 112 (1987) (O'Connor, J.) (plurality opinion). The Sixth Circuit has adopted this stream of commerce "plus" approach to analyzing purposeful availment. Bridgeport Music, 327 F.3d at 480. In the Sixth Circuit, there is a material distinction between actively distributing nationwide and mere awareness that a product is distributed.

A defendant corporation's deliberate decision to market a product in all 50 states, as evidenced by express contract language, is sufficient to support a finding of purposeful availment. Tobin v. Astra Pharm. Prods., Inc., 993 F.2d 528, 543-44 (6th Cir. 1993) (applying but not adopting the stream of commerce "plus" approach). However, mere knowledge that a company is "likely to distribute" products nationally is

"insufficient conduct upon which to predicate purposeful availment." Bridgeport Music, Inc., 327 F.3d at 480.

Ampro Industries alleges that Farrah Gray Publishing publishes and distributes books throughout the United States, including the Western District of Tennessee. (Compl. ¶ 6.) For purposes of default judgment, Ampro Industries' allegations establish that Farrah Gray Publishing's distribution activities are carried out with direct knowledge that products are distributed nationwide. Directly distributing Priceless Inspirations in the Western District of Tennessee establishes that "the defendant has engaged in '[] overt actions connecting the defendant with the forum state.'" Id. at 478-79 (quoting Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1274 (6th Cir.1998)). Based on its book distribution activities, Farrah Gray Publishing has purposefully availed itself of the forum.

**2. "Arising From" Requirement for Specific Personal Jurisdiction**

The second requirement for specific personal jurisdiction is that the plaintiff's claims "arise from" the defendant's contacts with the forum state. Air Prods., 503 F.3d at 553. The Sixth Circuit has phrased this test in a number of ways, including "whether the causes of action were 'made possible by' or 'lie in the wake of' the defendant's contacts, . . . or whether the causes of action are 'related to' or 'connected

with' the defendant's contacts with the forum state." Id. (internal citations omitted). Regardless of phrasing, the standard is lenient. Bird, 289 F.3d at 875. A cause of action need not formally arise from a defendant's contacts with the forum. Id. Rather, this test requires only "that the cause of action, of whatever type, have a substantial connection with the defendant's in-state activities." Bird, 289 F.3d at 875 (quoting Third Nat'l Bank in Nashville v. Wedge Group, Inc., 882 F.2d 1087, 1091 (6th Cir. 1989)) (internal quotation marks omitted).

The gravamen of the Complaint is that Farrah Gray Publishing's actions cast doubt on Ampro Industries' "rights with respect to portions of Priceless Inspirations." (Compl. ¶ 19.) Without a determination about the copyright in Priceless Inspirations, Ampro Industries faces uncertainty in "promoting Priceless Inspirations through its own marketing." (Id. ¶ 20.) There is a "substantial connection" between Ampro Industries' claim and Farrah Gray Publishing's contacts with Tennessee. Ampro Industries' claim arises from Farrah Gray Publishing's contacts in Tennessee.

**3. "Reasonableness" Requirement for Specific Personal Jurisdiction**

The third requirement is that "the acts of the defendant or consequences caused by the defendant [] have a substantial

enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." Air Prods., 503 F.3d at 554 (quoting S. Mach. Co., 401 F.2d at 381). If the first two requirements for specific personal jurisdiction are met, an inference arises that the third requirement is also met. Bird, 289 F.3d at 875. If "a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Air Prods., 289 F.3d at 554.

Because the first two requirements for personal jurisdiction have been met, there is an inference that the Court may reasonably exercise jurisdiction over Farrah Gray Publishing. See Bird, 289 F.3d at 875. Farrah Gray Publishing has defaulted and has not presented a compelling case that any additional considerations make the Court's exercise of jurisdiction unreasonable. See Air Prods., 289 F.3d at 554.

For the foregoing reasons, the Court's exercise of personal jurisdiction over Farrah Gray Publishing comports with federal due process requirements and Tennessee's long-arm statute. Subject-matter and personal jurisdiction are proper, and the Court may enter a valid default judgment.

**III. Standard of Review**

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs default judgments. See Fed. R. Civ. P. 55(b). "Once a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the complaint, except those relating to damages." Microsoft Corp. v. McGee, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995)); see also Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Unlike factual allegations, "a party in default does not admit mere conclusions of law." Anderson v. Johnson, No. 98-1931, 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999).

Because the Clerk of Court has entered default against it, Farrah Gray Publishing is deemed to have admitted the factual allegations in Ampro Industries' Complaint, other than those relating to damages. If the factual allegations provide a sufficient legal basis, the Court will enter a default judgment. See Coach, Inc. v. Cellular Planet, No. 2:09-cv-00241, 2010 U.S. Dist. LEXIS 45087, at *7 (S.D. Ohio May 7, 2010) (citing Arista Records, Inc. v. Beker Enters., 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003)).

**IV. Analysis**

Plaintiff Ampro Industries seeks a "judicial determination that [Farrah Gray Publishing] does not possess any enforceable copyright interests in Priceless Inspirations and that [Ampro Industries] would not therefore be infringing upon any such interest by promoting Priceless Inspirations through its own marketing." (Compl. ¶ 20.)

The Copyright Act gives copyright owners exclusive rights to reproduce, prepare derivative works from, distribute, and publicly perform or display a copyrighted work, and allows "the legal or beneficial owner of an exclusive right under a copyright . . . to institute an action for any infringement of that particular right." See 17 U.S.C. §§ 106, 501(b). A claim of copyright infringement requires proof of "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); see also Zomba Enters., Inc. v. Panorama Records, Inc., 491 F.3d 574, 581 (6th Cir. 2007); ATC Dist. Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc., 402 F.3d 700, 705 (6th Cir. 2005).

The front-matter page of Priceless Inspirations shows that Carter-Wright owns the book's copyright. (Compl. ¶ 10); (Ex. A.) The front-matter page also shows that "all rights are reserved" to Carter-Wright. (Id.) Defendant's Cease and Desist Notice represents that Farrah Gray Publishing owns the copyright

to Priceless Inspirations, but no entity called "Farrah Gray Publishing" has registered or sought registration of any portion of Priceless Inspirations with the United States Copyright Office. (Compl. ¶ 13.)

Carter-Wright owns the copyright to Priceless Inspirations, and no other individuals or entities have registered any portion of Priceless Inspirations with the United State Copyright Office. (Compl. ¶¶ 10, 13.) Ampro Industries and Carter-Wright have a contract providing for the cross-promotion of Ampro Industries products and Priceless Inspirations. (Compl. ¶ 15.)

Given the admitted factual allegations of the Complaint, Carter-Wright is the owner of a valid copyright in Priceless Inspirations. The Ampro Industries–Carter-Wright contract authorizes Ampro Industries' use of Priceless Inspirations for promotional activities. There is no evidence of unauthorized copying of an original work.

**V. Conclusion**

The Court DECLARES that Farrah Gray Publishing does not possess any enforceable copyright interest in Priceless Inspirations and that Ampro Industries would not infringe upon any such interest by promoting Priceless Inspirations through its own marketing.

So ordered this 26th day of September, 2013.

/s Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE